# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DONALD M. REESE,

    Petitioner,

vs.

WARDEN, London Correctional Institution,

    Respondent.

Case No. 3:10cv00249

District Judge Timothy S. Black
Magistrate Judge Sharon L. Ovington

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Petitioner Donald Reese seeks a writ of habeas corpus relieving him from his conviction in state court on one count of Felonious Assault.

The case is presently before the Court upon Reese's Petition for Writ of Habeas Corpus (Doc. #2), Respondent's Return of Writ (Doc. #5), and the record as a whole. In his sole Ground for Relief, Petitioner asserts:

> Petitioner's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and United States Supreme Court's decisions in *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974) and *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S. Ct. 663, was violated when the state court judge abused its discretion when it denied petitioner's motion to dismiss based on

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

grounds the prosecution acted vindictively when he sought re-indictment on heightened felony charges because petitioner refused to plead guilty to one count of aggravated assault (fourth degree felony) with gun specification and petitioner sought a continuance of the scheduled trial date to test blood spatter at the scene that might help the defense present a self defense argument to the trial court.

(Doc. #2 at 4).

## II. PROCEDURAL HISTORY

### A. Trial Court Proceedings

On July 6, 2007, Reese was initially indicted by a Montgomery County Grand Jury on two counts of aggravated assault, in violation of O.R.C. §§2903.12(A)(1) and (A)(2), each count contained a three-year firearm specification. (Case No. 2007CR02221, Doc. # 5, Exhibit 1). On October 22, 2007, Reese, through new counsel, filed a motion for continuance of the case, which the court granted. (Doc. # 5, Exhibit 3). On November 13, 2007, Reese was re-indicted (Case No. 2007CR02221/B) for one count of felonious assault, in violation of O.R.C. §2903.11(A)(2) and one count of attempted aggravated murder, in violation of O.R.C. §2903.01(B); each count contained a three-year firearm specification. (Doc. # 5, Exhibit 4). Reese, on December 7, 2007, through counsel, filed a motion to dismiss the re-indicted counts due to prosecutorial vindictiveness. (Doc. # 5, Exhibit 5). The Court, not finding any basis for such, overruled Reese's motion. (Doc. # 5, Exhibit 6).

On April 1, 2008, the Montgomery County Grand Jury issued a re-indictment for one count of attempted murder in violation of O.R.C. §§2903.02(B) and 2923.02(A); and one count of felonious assault in violation of O.R.C. §2903.11(A)(2); each count

2

carried a three-year firearm specification. (Case No. 2007CR02221/C) (Doc. # 5, Exhibit 7).

Reese, proceeding *pro se*, filed a motion to dismiss the "B" and "C" indictments on April 21, 2008 on the ground of prosecutorial vindictiveness. (Doc. # 5, Exhibit 8). The court overruled the motion to dismiss. (Doc. # 5, Exhibit 9). On July 8, 2008, Reese, through counsel, filed a motion to dismiss the felonious assault charge, again on the ground of prosecutorial vindictiveness. (Doc. # 5, Exhibit 10). The court overruled Reese's motion on July 10, 2008. (Doc. # 5, Mtn. Hr'g Tr., p. 22).

The case proceeded to a jury trial. After his first trial ended in a hung jury, a second jury, on July 18, 2008, found Reese guilty of one count of felonious assault and the firearm specification. (Doc. # 5, Exhibits 11 & 17). Pursuant to a motion by the state, the trial court entered a nolle prosequi with respect to the original indictment dated July 6, 2007; count two of indictment "B" dated November 13, 2007; and indictment "C" dated April 1, 2008. (Doc. # 5, Exhibit 12). The trial court sentenced Reese on August 21, 2008, to eight years incarceration for the felonious assault conviction, to be served consecutively to the three-year firearm specification. (Doc. # 5, Exhibit 13).

**B.      Direct appeal**

On August 21, 2008, Reese, with the assistance of different counsel, filed a notice of appeal. (Doc. # 5, Exhibit 14). In his brief Reese raised the following Assignments of Error:

    1.      The trial court erred when it allowed the testimony of Dr. Bryan Curtis to

3

>   be by video tape rather than an actual appearance in court because the form of said testimony deprived Appellant of his right to confront the witnesses against him.
>
> 2. The trial court erred when it prohibited Appellant from cross examining Detective Michael Deborde concerning inconsistencies in the statements made by the alleged victim. This denied Appellant of his right to due process and equal protection of the laws.
>
> 3. The trial court erred when it refused to charge the jury on the lesser included offense of aggravated assault, R.C. 2903.12. Also, the trial court erred when it failed to give a lesser included charge for simple assault under R.C. 2903.13(A).

(Doc. # 5, Exhibit 15).

On September 25, 2009, the Second District Court of Appeals affirmed the judgment of the trial court. (Doc. # 5, C.A. Case No. 22907, Exhibits 17 & 18).

On October 30, 2009, Reese, proceeding *pro se*, filed a notice of appeal with the Ohio Supreme Court. (Doc. # 5, Exhibit 19). In his memorandum in support of jurisdiction, Reese raised the following propositions of law:

>   I.   The trial court erred by allowing the testimony of Dr. Bryan Curtis to be admitted into evidence by video tape at the second trial rather than by actual appearance in open court which deprived appellant of his Sixth Amendment right to confront the witness against him.
>
>   II.  The trial court erred when it prohibited appellant from cross examining detective Michael Deborde concerning inconsistences in the statements made by the alleged victim in violation of appellant's Fourteenth Amendment rights to due process and equal protection of the laws.
>
>   III. The trial court erred when it refused to charge the jury on the lesser included offenses of aggravated assault under R.C. §2903.12 and simple assault under R.C. §2903.13(A) in violation

4

>   of appellant's Fourteenth Amendment rights to due process and equal protection laws.
>
> IV. When appellate counsel makes numerous serious errors in handing a criminal appellant's one and only direct appeal, by failing to raise meritorious issue, appellate counsel provides constitutionally ineffective assistance of counsel, and the defendant is entitled to have his direct appeal reopen, with effective representation under the 6th and 14th Amendments to the United States Constitution; Section 10 and 16, Article I, of the Ohio Constitution."

(Doc. # 5, Exhibit 20).

On January 27, 2010, the Ohio Supreme Court declined to hear Reese's case and dismissed his appeal because it did not involve any substantial constitutional question. (Doc. # 5, Case No. 09-1995, Exhibit 21).

**C.    Rule 26(B) application to reopen direct review**

While the appeal was pending in the Ohio Supreme Court, on December 4, 2009, Reese, filed an Ohio App. P. 26(B) application to reopen his direct appeal. (Doc. # 5, Exhibit 22). Reese alleged appellate counsel was ineffective by they failing to argue the reversible error issue of prosecutorial vindictiveness. *Id*. The Court of Appeals denied Reese's Rule 26(B) application on February 22, 2010. (Doc. # 5, Exhibit 23). Reese did not perfect an appeal in the Ohio Supreme Court.

**III.    PROCEDURAL DEFAULT AND FAIR PRESENTMENT**

In recognition of the state courts' equal obligation to protect the federal

constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

In order for a claim to be considered "fairly presented," a habeas corpus petitioner must present both the factual and legal underpinnings of his claim to the state courts. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). This means that the petitioner must present his claim to the state courts as a federal constitutional issue and not merely as an issue arising under state law. *Id.* (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). A claim will be considered "fairly presented," even without citation to specific provisions of the Constitution, if that claim's presentation was "likely to alert the court to the claim's federal nature." *Nadworny v. Fair*, 872 F.2d 1093, 1097 (1st Cir. 1989) (quoting *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 192 (2d Cir. 1982) (*en banc*)).

A claim is considered fairly presented if the claim was presented to the state courts under the same theory as that later presented for federal habeas corpus review. *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004), *cert. denied*, 544 U.S. 1003 (2005). In the context of ineffective assistance of counsel claims, the claim in the federal court must be based on the same allegedly ineffective attorney conduct as the attorney conduct

6

challenged in the state court. *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).

If a petitioner fails to fairly present his claims to the state's highest court or commits some other procedural default relied on by the state's highest court to preclude review of the merits of the petitioner's claims there, and if no avenue of relief remains open or it would be futile for the petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that the petitioner has waived his claims for habeas corpus relief. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, a petitioner's claims have not been considered by the state's highest court and the petitioner no longer has an avenue to present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). A "fundamental miscarriage of justice" occurs only in the

"extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## IV.    ANALYSIS

Petitioner contends that his federal constitutional rights were violated when the state court prosecutor acted vindictively by re-indicting him with a more serious felony because he refused to plead guilty to the lesser felony he was originally charged with. (Doc. # 2, 4-6). Respondent asserts that Petitioner's claim of prosecutorial vindictiveness was never presented in state court and therefore is procedurally defaulted. (Doc. # 5, 11-13). This contention is well-taken.

The record is clear that Petitioner never raised the prosecutorial vindictiveness claim in state court as an independent claim as is required. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.").

Petitioner did raise the issue of ineffective assistance of appellate counsel for failing to raise the issue of prosecutorial vindictiveness, but that claim was procedurally defaulted due to Petitioner's failure to file a timely appeal to the Ohio Supreme Court. Ohio S. Ct. Prac. R. II § 2(A). Moreover, Petitioner may not seek leave to file a delayed appeal from the denial of his Rule 26(B) application. Ohio S. Ct. Prac. R. II(A)(4)(c). Thus, Petitioner cannot rely on his claim of ineffective assistance of appellate counsel as cause to excuse the procedural default of his vindictive prosecution claim. This is so because the

8

ineffective assistance of counsel cannot serve as cause to excuse a procedural default where that claim itself has been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000).

Moreover, Petitioner's Ground for Relief lacks merit. The Second District Court of stated:

> In *Bordernkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment is not violated when a state prosecutor carries out a threat he made to an accused during plea negotiations to re-indict the accused on more serious charges should he refuse to plead guilty to the charges in the indictment. The court agreed that punishing a person for doing what the law allows him to do, including a choice to exercise his right to go to trial and force the State to prove its case, violates due process of law. However, the court found no element of punishment in the prosecutor's actions because the accused was aware of the prosecutor's intentions and remained free to accept or reject the prosecutor's plea offer.
>
> In criminal prosecutions, the prosecutor's threat to bring more serious charges if an accused refuses to plead guilty constitutes a constitutionally permissible level of 'give and take' inevitably present in the plea bargaining process. Furthermore, the fact that an accused has refused to plead guilty and insists on going to trial is not sufficient to give rise to a presumption of vindictiveness whenever more serious charges are thereafter brought before trial. *United States v. Goodwin* (1982), 457 U.S. 368, 102 S. Ct. 2485, 73 L.Ed.2d 74. Defendant was originally indicted on July 6, 2007, on two counts of aggravated assault in violation of O.R.C. 2903.12(A)(1) and (2), which are felonies of the fourth degree. A three - year firearm specification, O.R.C. 2941.145, was attached to each charge. At a hearing on October 11, 2007, Defendant's counsel requested a continuance because he had a conflict with the scheduled trial date. The prosecutor responded to that request as follows:
>
> "Mr. Lasky: . . . .The defendant in this case - frankly State's (sic) charged with two counts of aggravated assault with gun specification. I will be probably leaving the county prosecutor's office around the first of the year.
>
> "The matter will then probably revert to Mrs. Teresa Hiett. My experience with this

case reflects that it really should be two counts of felonious assault. I'm not going to get into the facts of the case, but, having said that, it appears that the victim in this case was unarmed and was shot approximately seven ties at point blank range by someone. By someone.

"If we're not able to work this case out in the near future, like in the next week or so, and it is an aggravated assault with a gun specification, two counts, we'd offer one-for-one with the gun spec in the case. If we're not able to work that out, my recommendation frankly would be to my superiors that now that we have the time is to take it back and re-charge potentially, but at least let the Grand Jury decide to take it back and make it two counts of felonious assault or two counts of attempted murder.

"Having looked at the case, I think the facts could equally apply in that regard.  just going to suggest that a time waiver is nice, but if we're not going to resolve this case in the next week, I think that the defendant is placing himself at risk in that regard. And, obviously, that's their choice."

After further discussion at the October 11, 2007 hearing regarding a future trial date, defense counsel withdrew his request for a continuance. At a hearing on October 19, 2007, Defendant's counsel again expressed a desire for continuance of the trial, this time to have some blood spatter left at the crime scene tested. The prosecutor stated:

"Mr. Lasky: It's my understanding, your Honor, that defense counsel wishes to be heard on the issue of gaining a continuance in order to have some blood work tested that was left at the scene which might help defense counsel in their attempts to present a self-defense argument to Court at a later time. State's only concern, at this point, would be time frame and would ask for a time waiver if defense counsel wishes this continuance."

The trial court indicated at the October 19, 2007 hearing that Defendant's counsel should explain to Defendant the other possibilities that go along with obtaining a continuance, namely the prosecutor's threat to bring more serious charges against Defendant. That prompted this colloquy between defense counsel, Defendant and the trial court:

"Mr. VanNoy: Mr. Reese, we've talked about you giving up your right to a speedy trial, right?

"The Defendant: Uh-huh.

"Mr. VanNoy: You understand that?

"The Defendant: (Nodding head)

"Mr. VanNoy: That we're going to ask that the test be done, and hopefully, the test will reveal evidence that can be favorable to you, right?

"The Defendant: Uh-huh

.

"Mr. VanNoy: And I also told you that I don't have any control over what the prosecutor's office does in terms of whether or not they go to Grand Jury or try to go to Grand Jury; is that correct?

"The Defendant: Yeah.

"Mr. VanNoy: All right. Those are things we talked about, Judge.

"The Court: Very well. And you have talked to your attorney about that?

"The Defendant: Yeah.

"The Court: Very well.

    The trial court subsequently granted Defendant's requested continuance of the trial. On November 13, 2007, the State re-indicted Defendant on one count of felonious assault in violation of O.R.C. 2903.11(A)(2), a felony of the second degree, and one count of attempted aggravated murder in violation of O.R.C. 2923.02(A), 2903.01(B), a felony of the first degree. A three-year firearm specification, O.R.C. 2941.145, was attached to each charge. On December 7, 2007, Defendant filed a motion to dismiss these charges based upon prosecutorial vindictiveness. On January 8, 2008, the trial court overruled Defendant's motion to dismiss, finding no basis for the motion.

    On April 1, 2008, the State re-indicted Defendant, this time on one count of attempted murder in violation of O.R.C. 2923.02(A), 2903.01(B), a felony of the first degree, and one count of felonious assault in violation of O.R.C. 2903.11(A)(2), a felony of the second degree. A three-year firearm specification, O.R.C. 2941.145, was attached to each charge. Prior to the first trial in May 2008, the State dismissed all charges and specification except for one count of felonious assault on which Defendant was tried and eventually found guilty following the

>    second trial in July 2008.
>
>    The record demonstrates that Defendant was well aware of the prosecutor's intention to re-indict him on more serious charges if he refused to resolve this case in the near future by accepting the State's offer to plead guilty to one count of aggravated assault with the firearm specification in exchange for a dismissal of the other charges and specification. As we discussed previously, even assuming that the prosecutor carried out his threat in this case, such actions do not give rise to a presumption of vindictiveness or violate Due Process. *Bordenkircher v. Hayes*; *Garrison*, supra.
>
>    Furthermore, the record does not demonstrate that the prosecutor re-indicted Defendant to punish him for not pleading guilty to the original aggravated assault charges or for requesting a continuance of the trial. Rather, after reviewing the evidence, including the fact that the unarmed victim was shot seven times at point blank range, the prosecutor concluded that, Defendant had been undercharged because the facts would support charges of felonious assault and/or attempted murder, and now that speedy trial time requirements were no longer a problem due to Defendant's requested continuance, this case should be returned to the Grand Jury and re-charged. That does not give rise to presumption or affirmatively demonstrate that the prosecutor re-indicted Defendant on more serious charges in order to punish him for exercising his rights not to enter a guilty plea and to go to trial and force the State to prove its case.
>
>    The prosecutor's explanation that the evidence in this case would support more serious charges refutes Defendant's claim of vindictiveness. In any event, when a criminal defendant who decides to not plead to lesser charges because he believes that he won't be convicted of the greater charges that could be brought is convicted of the greater charges, he has merely misapprehended his calculus, and cannot complain that the prosecutor acted vindictively in filing the greater charges. *Garrison*.

(Doc. # 5, Exhibit 22).

The decision of the Ohio Court of Appeals is not contrary to nor does it involve an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. For the reasons set forth by the Second District Court of Appeals in denying Petitioner's Rule 26(B) Application to Reopen, the Petitioner's sole

Ground of Review lacks merit. (Doc. # 2, Exhibit 1).

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Donald M. Reese's Petition for Writ of Habeas Corpus (Doc. #2) be DENIED and DISMISSED;

2. Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability; and,

3. The case be terminated on the docket of this Court.

July 14, 2011

                                           s/Sharon L. Ovington
                                             Sharon L. Ovington
                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).